**Ex parte Helen Louise IGLEHART.**

**No. 2–90–186–CR.**

Court of Appeals of Texas,
Fort Worth.

Dec. 19, 1990.

Rehearing Overruled Jan. 21, 1991.

Discretionary Review Granted
April 3, 1991.

**352**

Roger D. Shipman, Denton, for appellant.

Jerry Cobb, Crim. Dist. Atty., Ronald T. Wilson, and Gwinda Burns, Asst. Crim. Dist. Attys., Denton County, for appellee.

Before WEAVER, C.J., and HILL and MEYERS, JJ.

## OPINION

MEYERS, Justice.

This is an appeal from the denial of relief after a hearing upon a writ of habeas corpus which applicant filed on April 18, 1990, in the 158th District Court of Denton County, Texas. On appeal, applicant asserts that relief should be granted in that applicant received a former misdemeanor conviction for the crime alleged in the felony indictment in cause no. F–90–092–B.

We reverse.

On January 8, 1990, Robert LaVaye's home was burglarized. The items taken included: one pistol; one typewriter; one fox coat; one stereo receiver; one cassette player; and one equalizer. The pistol and the typewriter belonged to Robert LaVaye. The coat, stereo receiver, cassette player, and equalizer belonged to LaVaye's daughter, Valerie LaVaye, who resided elsewhere. Both LaVaye and his daughter individually filed offense reports regarding the theft of their respective personal items. However, Robert LaVaye filed a claim with his homeowner's insurance on all of the above-described items which were stolen from his home.

On February 7, 1990, applicant was charged by information with the misdemeanor offense of theft over $200 but under $750. The information, in pertinent part, reads as follows:

[T]hat HELEN LOUISE IGLEHART, who is hereinafter styled defendant, on or about the 8th day of January, A.D., 1990, and before the making and filing of this Information, in the County of Denton of the State of Texas, did then and there intentionally appropriate, by acquiring and otherwise exercising control over property, to-wit: one (1) pistol and one (1) typewriter, of the value of $200.00 or more, but less than $750.00 from the owner, Robert C. LaVaye, without the effective consent of the owner and with intent to deprive the owner of the property; ...

On February 10, 1990, applicant was indicted for theft of items with a value of at least $750 but not over $20,000. The indictment reads in pertinent part as follows:

[T]hat HELEN LOUISE IGLEHART, who is hereinafter styled defendant, on or about the 8th day of January, A.D., 1990, and anterior to the presentment of this Indictment, in the county and state aforesaid, did then and there intentionally appropriate, by acquiring and otherwise exercising control over, property, to-wit: one (1) fox coat, one (1) stereo receiver, one (1) cassette player and one (1) equalizer of the value of at least $750 but less than $20,000 from the owner, Valerie LaVaye, without the effective consent of the owner, and with intent to deprive the owner of the property; ...

On April 10, 1990, applicant plead nolo contendere to the above-described misdemeanor information. She was found guilty by the court and sentenced to forty days confinement in Denton County Jail. On April 18, 1990, applicant filed an application for writ of habeas corpus with the trial court asserting former jeopardy for the crime alleged in the felony indictment handed down against her on February 15, 1990. The court conducted a hearing on the writ and later denied applicant relief.

In her sole point of error applicant contends that the double jeopardy clause contained in the Fifth Amendment to the United States Constitution, which is enforceable

against the states through the fourteenth amendment, prevents her subsequent felony prosecution for items stolen from Valerie LaVaye after applicant received a misdemeanor conviction for items stolen from Robert LaVaye during the same criminal act. *See* U.S. CONST. amend V; U.S. CONST. amend. XIV, § 1; *Benton v. Maryland,* 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969).

The recent holding of the United States Supreme Court in *Grady v. Corbin,* ─── U.S. ───, 110 S.Ct. 2084, 2087, 109 L.Ed.2d 548 (1990) states:

> We hold that the Double Jeopardy Clause bars a subsequent prosecution if, to establish an essential element of an offense charged in that prosecution, the government will prove conduct that constitutes an offense for which the defendant has already been prosecuted.

*Id.* at 110 S.Ct. 2087 (footnote omitted).

The portion of the Texas Penal Code under which applicant received her misdemeanor conviction and was indicted for felony theft is TEX. PENAL CODE ANN. § 31.03 (Vernon 1989 and Supp.1990). Paragraph (a) of § 31.03 states: "(a) A person commits an offense if he unlawfully appropriates property with intent to deprive the owner of property." *Id.* "Owner" is defined by TEX. PENAL CODE ANN. § 1.07(a)(24) (Vernon 1974), as "a person who had title to the property, possession of the property, whether lawful or not, or a greater right to the possession of the property than the actor." *Id.* Applicant argues that under this definition, Robert LaVaye was the owner of all the property stolen from his home on January 8, 1990. It is true that Robert LaVaye could be considered the owner of all the items stolen on the date in question however, it is also true that Valerie LaVaye was the title owner of the coat, stereo receiver, cassette player, and equalizer which was taken from Robert LaVaye's home. However, these items were stolen from the home of Robert LaVaye and he reported the theft of all of these items to his insurance company. At the hearing on applicant's application for writ of habeas corpus, Robert LaVaye testified that it was the position of his insurance company that property on the premises was considered to be his property. Robert LaVaye would be the party receiving the check from his insurance company for the theft of all of these items. There is no mention of an insurance claim being filed by Valerie LaVaye seeking recovery for the loss of her possessions. Under the facts of the instant case and under the definition of "owner" set out by § 1.07 of the Texas Penal Code, Robert LaVaye should be treated as the "owner" of all of the items taken from his home on January 8, 1990. Since only one "owner" was deprived of his property during applicant's criminal act, only one offense was committed. *See* TEX. PENAL CODE ANN. § 31.03.

Section 31.09 of the Texas Penal Code, allows thefts arising under one scheme or course of conduct to be treated as one offense whether the thefts were from the same or several sources. *See* TEX. PENAL CODE ANN. § 31.09 (Vernon 1989).

Applicant argues that her fifth amendment protection against double jeopardy would be violated if she were tried for the theft of Valerie LaVaye's property after being convicted for the theft of Robert LaVaye's property since all of the items were stolen on the same occasion and Robert LaVaye should have been considered the owner of all of the stolen items. We agree.

We have discerned that only one offense under § 31.03 of the Texas Penal Code was committed by applicant. This offense was against Robert LaVaye. Prosecution under the subsequent felony indictment would require proof of an unlawful appropriation of all of the property taken with the intent to deprive the owner of such property, thus proving the very conduct that constituted the offense for which applicant has already been prosecuted. Since applicant has already received a conviction for theft against Robert LaVaye, we cannot properly allow her to be prosecuted once more for this same offense. *See Grady,* 110 S.Ct. at 2087. Accordingly, the ruling of the trial court is reversed and

applicant is ordered discharged from custody.